

NUMBER 13-11-00566-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RANDY KAIZER, **Appellant,**

v.

THE STATE OF TEXAS, **Appellee.**

**On Appeal from the 28th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes
Memorandum Opinion Per Curiam**

Appellant, Randy Kaizer, attempted to perfect an appeal from a conviction for sexual abuse of a child. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on July 25, 2011, a "Notice of Appeal and/or Motion for New Trial" was filed on August 25, 2011. On September 6, 2011, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected.

Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's notice.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

According to Texas Rule of Appellate Procedure 21.4, appellant had thirty days after the day sentence was imposed to file his motion for new trial. TEX. R. APP. P. 21.4. The motion for new trial was untimely because it was filed on August 25, 2011. Therefore, his notice of appeal was due to have been filed within thirty days after the day sentence was imposed or suspended in open court. *See id.* 26.2(a)(2). Appellant did not file his appeal until August 25, 2011. Although the notice of appeal was filed within the 15-day time period for filing a motion for extension of time to file notice of appeal, no such motion for extension of time was filed. *See id.* 26.3.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a

2

timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of October, 2011.

3